15-1731-cr
United States of America v. Fawwaz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of June two thousand seventeen.

Present:  ROSEMARY S. POOLER,
          RICHARD C. WESLEY,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,

v.                                                                           15-1731-cr

KHALED AL FAWWAZ, AKA Abu Omar, AKA Khaled Abdul Khaled Abdul Rahman Hamah al Fawwaz, AKA Hamad,

    *Defendant-Appellant.*[1]

---

| | |
|---|---|
| Appearing for Appellant: | Bobbi C. Sternheim, New York, NY. |
| | David V. Kirby, O'Connor & Kirby, P.C. (Barbara E. O'Connor, *on the brief*), Burlington, VT. |
| Appearing for Appellee: | Stephen J. Ritchin, Sean Buckley, Assistant United States Attorneys, (Nicholas J. Lewin, Karl Metzner, Assistant United |

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

States Attorneys, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Khaled al Fawwaz appeals the May 19, 2015 judgment of conviction entered against him in the United States District Court for the Southern District of New York (Kaplan, *J.*), following a five-week trial in which the jury found Fawwaz guilty of: (1) conspiracy to murder United States nationals in violation of 18 U.S.C. § 2332(b), (2) conspiracy to murder officers or employees of the United States in violation of 18 U.S.C. § 1114, (3) conspiracy to damage or destroy United States property in violation of 18 U.S.C. § 844(n), and (4) destruction of national defense material in violation of 18 U.S.C. § 2155(a). **Special App'x at 1-3**. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review for abuse of discretion a district court's decision to issue a protective order pursuant to Section 4 of [the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3, §§ 1-16], including its determination whether evidence is helpful or material to the defense and whether unclassified summaries or admissions are properly substituted for classified information." *United States v. Abu-Jihaad*, 630 F.3d 102, 140 (2d Cir. 2010). "CIPA does not confer on the government a privilege to refrain from disclosing classified information; it merely presupposes [a privilege, which] has its origins in the common-law privilege against disclosure of state secrets, which allows the government to withhold information from discovery when disclosure would be inimical to national security." *Id.* at 140-41 (internal quotation marks and citations omitted). "In determining when a defendant's right to present a defense displaces th[is] state-secrets privilege, we . . . ask[] first, whether the material in dispute is discoverable, and if so, whether the state-secrets privilege applies; and second, if the privilege applies, whether the material in dispute is helpful or material to the defense, i.e., useful to counter the government's case or to bolster a defense." *Id.* at 141 (internal quotation marks omitted).

Under Federal Rule of Evidence 805, "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805. Where not every part of the combined statements is subject to a hearsay exception, the whole statement must be excluded as inadmissible hearsay. *See, e.g., United States v. Williams*, 927 F.2d 95, 100 (2d Cir. 1991). Where, as here, the statements that Fawwaz seeks to admit constitute hearsay within hearsay not subject to an exception, the district court did not abuse its discretion in denying the statements' admission. *See United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984).

Under Section 3 of CIPA, district courts are authorized "to limit access to classified information to persons with a security clearance so long as the application of this requirement

does not deprive the defense of evidence that would be useful to counter the government's case or to bolster a defense." *In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 122 (2d Cir. 2008) (internal quotation marks omitted). With respect to determining the government's interest in avoiding unauthorized disclosures, "[w]e have consistently deferred to executive affidavits predicting harm to the national security, and have found it unwise to undertake searching judicial review." *Am. Civil Liberties Union v. Dep't of Justice*, 681 F.3d 61, 70 (2d Cir. 2012). Further, limited access to this classified information under CIPA need not extend to personal review by a defendant who does not have security clearance when the "interest [the defendant] ha[s] in personally inspecting the material [i]s insufficient to outweigh the government's interest in avoiding unauthorized disclosures of classified information." *In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d at 125. Fawwaz has made no showing on the record before us that the district court's protective order materially hindered his ability to put forth a defense. Accordingly, we hold that the district court's decision to impose a mandatory clearance requirement for access to classified information pursuant to CIPA was well within its informed discretion. *Id.* at 123.

With respect to Fawwaz's challenge to the district court's denial of his motion to adjourn trial, "a district judge has considerable discretion in the conduct of a trial, [and] an appellate court will not retroactively substitute its discretion for that of the trial judge unless there has been a showing of abuse." *United States v. Carson*, 52 F.3d 1173, 1188 (2d Cir. 1995). Indeed, a ruling regarding the conduct of a trial "will not be disturbed unless clear abuse is shown." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 148 (2d Cir. 1998). To make such a showing, a complaining party "must establish both that the denial of the adjournment was arbitrary, and that it substantially impaired the presentation of his case." *United States v. McGee*, 564 F.3d 136, 142 (2d Cir. 2009). Fawwaz has failed to make such a showing here. Accordingly, we hold that the district court did not abuse its discretion in denying defense counsel's motion for an adjournment.

"The trial court's application of the rule of completeness is reviewed for abuse of discretion." *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007). Under the rule of completeness, "even though a statement may be hearsay, an omitted portion of the statement must be placed in evidence if necessary to explain the omitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *Id.* (internal quotation marks and brackets omitted). "The completeness doctrine does not, however, require the admission of portions of a statement that are neither exculpatory of nor relevant to the admitted passages." *Id.*

Here, the admitted portions of the transcript address Fawwaz's state of mind, while the excluded portions involve a discussion of Fawwaz's response to a document he received. This is similar to *United States v. Jackson*, in which this Court held that a district court did not abuse its discretion in excluding portions of a phone-call transcript that reflected an individual's statement to a co-conspirator about their continued friendship when the admitted portions of that phone-call transcript only reflected that individual's statement to the co-conspirator about the aftermath of the conspiracy. 658 F.3d 145, 149-50 (2d Cir. 2011). As in *Jackson*, Fawwaz's admitted statements are independent of the omitted statements and the omitted statements are neither

3

exculpatory nor relevant to Fawwaz's state of mind. Even if the exclusion of these statements was error, it was not reversible error.

We have reviewed the entire record on appeal, including the *ex parte* materials submitted by the government. Based on our review, we conclude that the district court's decision to exclude these materials was well within its informed discretion. *See In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d at 123.

We have considered the remainder of Fawwaz's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk